IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN TOM McCOLLOUGH, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Case No. 3:17-cv-411-WKW-WC |
| v. | ) | |
| | ) | |
| KYLE McCOY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

# ORDER &
# RECOMMENDATION OF THE MAGISTRATE JUDGE

On June 28, 2017, Plaintiff filed this suit regarding an alleged failure to execute two arrest warrants on "Tracy Lnyy French and Tracy L. McCollough." *See* Compl. (Doc. 1) at 1. Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis* (Doc. 2). On June 30, 2017, the District Judge entered an Order (Doc. 3) referring the case to the undersigned Magistrate Judge for "further proceedings and determination or recommendation as may be appropriate." The undersigned entered an Order (Doc. 4) directing Plaintiff to amend his *in forma pauperis* motion by completing and filing the court's long-form application. After careful review of Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 2) and Plaintiff's long-form application (Doc. 5), the undersigned concludes Plaintiff's Motion is due to be GRANTED.

Because Plaintiff's motion to proceed *in forma pauperis* has been granted, service of process is stayed pending the court's obligatory review of Plaintiff's complaint pursuant

to the provisions of 28 U.S.C. § 1915(e). *See Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) in non-prisoner action). That statute instructs the court to dismiss any action wherein it is determined that an *in forma pauperis* applicant's suit is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B)(i)-(iii).

Plaintiff complains that Defendants failed to follow through with executing arrest warrants against the two individuals named above. Doc. 1 at 1. Specifically, Plaintiff states he called Defendant Lanett Police Department ("Defendant LPD") "30 time[s] or more and told them where Tracy French was" but they refuse "to pick her up." *Id*. Plaintiff states Defendant Chief Angela Spates ("Defendant Spates") of the LPD spoke with Plaintiff in May 2017 and told him "she [was] going to have Tracy Lynn French pick[ed] up[,]" but failed to do so. *Id*. Plaintiff further alleges he attempted to talk with Mayor Kyle McCoy ("Defendant McCoy") many times, presumably regarding Defendant LPD's failure to execute the warrants, but Defendant McCoy refuses to return his calls. *Id*. Plaintiff states Defendants have failed to "protect and serve the public" and "there [sic] Nigeria [sic] to protect the public from those who commit crimes is very poor and unconstitutional and know [sic] respest [sic] for the law." *Id*. at 2. For these grievances, Plaintiff requests "[$]100,000 a day from the day the arrest warrant was issu[e]d for Tracy L. French" and "for the mental issues and stress for not protecting the public and there [sic] safety." *Id*. at 3.

Although it is unclear what claims Plaintiff is alleging against Defendants, it appears, after a liberal construction of the complaint, that he is attempting to assert claims pursuant to 42 U.S.C. § 1983 and the Due Process Clause of the Fourteenth Amendment. Liability under § 1983 must be based upon the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." The Due Process Clause provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." However, as further explained below, Plaintiff has failed to state a claim pursuant to § 1983, the Due Process Clause, or any other law.

A review of the sufficiency of Plaintiff's complaint for purposes of § 1915(e)(2)(B)(ii) begins with analysis of whether the complaint complies with the pleading standard applicable to all civil complaints in federal courts. *See Thompson v. Rundle*, 393 F. App'x 675, 678 (11th Cir. 2010) (citations omitted) ("A dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal under Federal Rule of Civil Procedure 12(b)(6). Dismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is 'plausible' on its face."). Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff file a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In general, then, a pleading is insufficient if it offers only mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action[.]"

*Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (a complaint does not suffice under Rule 8(a) "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'").   Thus, in order to satisfy Rule 8(a), Plaintiff's complaint "'must contain sufficient factual matter, accepted as true, to 'state a claim for relief which is plausible on its face.'"   *Urquilla-Diaz v. Kaplan Univ*., 780 F.3d 1039, 1051 (11th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678).   "A claim is factually plausible where the facts alleged permit the court to reasonably infer that the defendant's alleged misconduct was unlawful.   Factual allegations that are "'"merely consistent with" a defendant's liability,' however, are not facially plausible."   *Id*. (quoting *Iqbal*, 556 U.S. at 678).

As a general matter, "[i]n the case of a *pro se* action . . . the court should construe the complaint more liberally than it would formal pleadings drafted by lawyers."   *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990).   However, although district courts must apply a "less stringent standard" to the pleadings submitted by a *pro se* plaintiff, such "'leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'"   *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)).   Accordingly, Plaintiff's complaint, even if liberally construed, must minimally satisfy the dictates of Rule 8(a) of the Federal Rules of Civil Procedure in order to survive review under § 1915(e).

First, Plaintiff cannot maintain a claim against Defendants for their failure to protect the public, or himself, by not executing arrest warrants against Tracy French and/or Tracy

McCullough. "[N]othing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors." *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 195 (1989). While the Due Process Clause "was intended to prevent government 'from abusing [its] power, or employing it as an instrument of oppression,'" "[i]ts purpose was to protect the people from the State, not to ensure that the State protected them from each other." *Id*. at 195-96 (citing *Parratt v. Taylor*, 451 U.S. 527, 549 (1981)). Thus, "the Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual." *Id*. at 196 (citing *Youngberg v. Romeo,* 457 U.S. 307, 317 (1982) ("As a general matter, a State is under no constitutional duty to provide substantive services for those within its border.")). "If the Due Process Clause does not require the State to provide its citizens with particular protective services, it follows that the State cannot be held liable under the Clause for injuries that could have been averted had it chosen to provide them." *Id*.

Here, Plaintiff has not alleged that he was even injured by Defendants' failure to execute the warrants, other than "mental issue and stress." Even so, there is no cause of action under the Due Process Clause—or any other law—for Plaintiff's alleged injury. And, because there is no underlying injury, Plaintiff cannot state a claim pursuant to § 1983.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be DISMISSED prior to service of process, pursuant to 28 U.S.C. §

1915(e)(2)(B)(ii), because Plaintiff has failed to state any claim on which relief may be granted.[1]

It is further ORDERED that Plaintiff is DIRECTED to file any objections to the said Recommendation on or before **August 24, 2017**. Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*). Plaintiff is

---

[1] The undersigned is recommending dismissal of Plaintiff's complaint without first asking Plaintiff to amend his complaint. The undersigned believes requesting such amendment would be futile because there is no cause of action upon which Plaintiff could obtain relief for the grievance he asserts. Therefore, because the undersigned believes that Plaintiff's assertions are incapable of being crafted into viable claims, leave to amend Plaintiff's complaint need not be afforded in this instance. *See, e.g., Cornelius v. Bank of Am., NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) ("While a pro se litigant generally must be given at least one opportunity to amend his complaint, a district judge need not allow an amendment where amendment would be futile.").

Furthermore, the opportunity to amend ordinarily contemplated by governing case law, *see Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002), is not inconsistent with the undersigned's recommendation of dismissal. Plaintiff will be permitted to file objections to the findings set forth in this Recommendation, and thus she is afforded the requisite opportunity to be heard about the deficiencies of her complaint prior to any dismissal of the complaint.

advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Done this 10th day of August, 2017.

/s/ Wallace Capel, Jr.
CHIEF UNITED STATES MAGISTRATE JUDGE